## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| **MARCUS PRATHER,** individually and on behalf of all others similarly situated, | Docket No. _____2:19-CV- 849_____ |
| | JURY TRIAL DEMANDED |
| v. | |
| | CLASS/COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |
| **INSIGHT GLOBAL, LLC.** | |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

1.      Marcus Prather brings this lawsuit to recover unpaid overtime wages and other damages from Insight Global, LLC under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2.      Prather worked for Insight Global as a Technical Recruiter during the relevant time period.

3.      Prather and the other workers like him regularly worked for Insight Global in excess of forty (40) hours each week.

4.      But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5.      Instead of paying overtime as required by the FLSA and the PMWA, Insight Global improperly classified Prather and those similarly situated workers as exempt employees and paid them a salary with no overtime compensation.

6.      This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### I.      JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8.      The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

10.     Prather worked for Insight Global in this District and Division.

11.     Prather resides in this District and Division.

12.      Insight Global conducts substantial business operations in this District and Division, including maintaining a corporate office in in this District and Division located at 1 PPG Place, Suite 3030, Pittsburgh, Pennsylvania 15222.

## II.    THE PARTIES

13.     Prather worked for Insight Global as a Technical Recruiter from approximately July 2017 to January 2018.

14.     Prather worked for Insight Global in Pennsylvania.

15.     Throughout his employment with Insight Global, Prather was classified as an exempt employee and paid a salary with no overtime compensation.

16.     Prather's consent to be a party plaintiff is attached as Exhibit A.

17.     Prather brings this action on behalf of himself and all other similarly situated workers who were classified as recruiters and paid a salary with no overtime compensation.  Insight Global paid each of these workers a salary for each day worked on location and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA and PMWA.

18.     The class of similarly situated employees or putative class members sought to be

certified is defined as follows:

> **ALL CURRENT AND FORMER RECRUITERS THAT WORKED FOR INSIGHT GLOBAL, LLC WHO WERE PAID A SALARY DURING THE LAST THREE (3) YEARS.** ("Putative Class Members").

19.     Prather also seeks class certification of such a class under FED. R. CIV. P. 23 under the

PMWA, as follows:

> **ALL CURRENT AND FORMER RECRUITERS THAT WORKED FOR INSIGHT GLOBAL, LLC IN PENNSYLVANIA WHO WERE PAID A SALARY DURING THE LAST THREE (3) YEARS.** ("Pennsylvania Class").

20.     **Insight Global, LLC,** is a Delaware limited liability corporation doing business

throughout the United States, including in Pennsylvania. Insight Global may be served by serving its

registered agent for service of process, **CT Corporation System at 116 Pine St. #320, Harrisburg,**

**Pennsylvania 17101**, or wherever it may be found.

### III.     COVERAGE UNDER THE FLSA

21.     At all times hereinafter mentioned, Insight Global has been an employer within the

meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22.     At all times hereinafter mentioned, Insight Global has been part of an enterprise within

the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23.     At all times hereinafter mentioned, Insight Global has been part of an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of Section

3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged

in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials – such as tools, cell phones, and personal protective equipment - that

have been moved in or produced for commerce by any person and in that Insight Global have had

and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

24.     At all times hereinafter mentioned, Prather and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## IV.   FACTS

25.     Insight Global is an employment and staffing company operating throughout the United States and internationally, including in Pennsylvania.

26.     To provide services to their clients, Insight Global employ recruiting personnel, including Technical Recruiters.

27.     Many of the individuals who worked for Insight Global were paid a salary and misclassified as exempt employees, and these make up the proposed Putative Classes. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.  These so-called exempt employees were paid a salary for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

28.     For example, Prather worked for Insight Global as a Technical Recruiter during the relevant time period (in Pennsylvania). Throughout his employment with Insight Global, he was classified as an exempt employee and paid a salary with no overtime compensation.

29.     As a Technical Recruiter, Prather regularly worked more than 40 hours each week without receiving overtime compensation. On average, Prather estimates he worked approximately 55 hours each week.

30.     As a Technical Recruiter, Prather (and all other recruiters) performed non-exempt job duties including calling potential employees for placement into companies that contracted with Insight Global.

4

31.     The job functions of Prather and the Putative Class Members were primarily technical in nature, requiring little to no official training, much less a college education or other advanced degree.

32.     Prather and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

33.     Prather and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

34.     The work Prather performed was an essential and integral part of Insight Global's core business.

35.     No advanced degree is required to become a recruiter. In fact, Insight Global regularly hired recruiters who only have a high-school diploma (or less).

36.     Being a recruiter does not require specialized academic training as a standard prerequisite.

37.     For example, Prather does not have any advanced degree.

38.     Prather and the Putative Class Members did not have any supervisory or management duties.

39.     To the extent the recruiters make "decisions," such decisions do not require the exercise of independent discretion and judgment.

40.     Instead, the recruiters apply well-established techniques and procedures and use established standards to evaluate any issues.

41.     Recruiters do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

42.     Recruiters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

43.     With these job duties, the recruiters are clearly non-exempt employees under the FLSA,  and PMWA.

44.     Insight Global does not pay their recruiters overtime for hours worked in excess of 40 in a single workweek.

45.     Instead, Insight Global pays these workers a base salary for days worked in the office.

46.     Prather and the Recruiters worked for Insight Global in the past three years throughout the United States, including in Pennsylvania.

47.     As a result of  Insight Global's pay policies, Prather and the Putative Class Members were denied the overtime pay required by federal and Pennsylvania law, because these workers are, for all purposes, employees performing non-exempt job duties.

48.     Insight Global keeps accurate records of  the hours, or at least the days, its recruiters work.

49.     Insight Global also keeps accurate records of the amount of pay its recruiters receive.

50.     Because Prather (and Insight Global's other recruiters) were misclassified as exempt employees by Insight Global, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## V.     FLSA VIOLATIONS

51.     As set forth herein, Insight Global have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

52.     Insight Global knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Prather and the Putative Class Members overtime compensation.

6

Insight Global's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

53.     Accordingly, Prather and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VI.    PMWA VIOLATIONS

54.     Prather brings this claim under the PMWA as a Rule 23 class action.

55.     The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

56.     At all relevant times, Insight Global was subject to the requirements of the PMWA.

57.     At all relevant times, Insight Global employed Prather and each class member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

58.     The PMWA requires employers like Insight Global to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Prather and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

59.     Insight Global has and has had a policy and practice of misclassifying Prather and the Putative Class Members as exempt employees and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

60.     Prather and the Putative Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

61.     Prather and the Putative Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Insight Global, as provided by the PMWA.

## VII.   CLASS AND COLLECTIVE ACTION ALLEGATIONS

62.     Prather incorporates all previous paragraphs and alleges that the illegal pay practices Insight Global imposed on Prather were likewise imposed on the Putative Class Members.

63.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

64.     Numerous other individuals who worked with Prather indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

65.     Based on his experiences and tenure with Insight Global, Prather is aware that Insight Global's illegal practices were imposed on the Putative Class Members.

66.     The Putative Class Members were all improperly classified as exempt employees and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

67.     Insight Global's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

68.     Prather's experiences are therefore typical of the experiences of the Putative Class Members.

69.     The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

70.     Prather has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Prather has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

71.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

72.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Insight Global will reap the unjust benefits of violating the FLSA and applicable state labor laws.

73.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Insight Global, it would be unduly burdensome to the judicial system.

74.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

75.     The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.     Whether Insight Global employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA and the PMWA;

    b.     Whether the Putative Class Members were improperly misclassified as exempt employees;

    c.     Whether Insight Global's decision to classify the Putative Class Members as exempt employees was made in good faith;

    d.     Whether Insight Global's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    e.     Whether Insight Global's violation of the FLSA and the PMWA was willful; and

    f.     Whether Insight Global's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

76.     Prather's claims are typical of the claims of the Putative Class Members. Prather and the Putative Class Members sustained damages arising out of Insight Global's illegal and uniform employment policy.

77.     Prather knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

78.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## VIII.   JURY DEMAND

79.     Prather demands a trial by jury.

## IX.    RELIEF SOUGHT

80.     WHEREFORE, Prather prays for judgment against Insight Global as follows:

    a.     An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b.     For an Order pursuant to Section 16(b) of the FLSA finding Insight Global liable for unpaid back wages due to Prather and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

    c.     For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

    d.     For an Order appointing Prather and his counsel as Class Counsel to represent the interests of the both the federal and state law classes;

e.      For an Order awarding attorneys' fees, costs and pre- and post-judgment

interest; and

f.      For an Order granting such other and further relief as may be necessary and

appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
        Michael A. Josephson
        PA. I.D. No. 308410
        Andrew W. Dunlap
        Texas Bar No. 24078444
        **JOSEPHSON DUNLAP LAW FIRM**
        11 Greenway Plaza, Suite 3050
        Houston, Texas 77046
        713-352-1100 – Telephone
        713-352-3300 – Facsimile
        mjosephson@mybackwages.com
        adunlap@mybackwages.com

        **AND**

        Richard J. (Rex) Burch
        Texas Bar No. 24001807
        **BRUCKNER BURCH, P.L.L.C.**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        713-877-8788 – Telephone
        713-877-8065 – Facsimile
        rburch@brucknerburch.com

        **AND**

        Joshua P. Geist
        PA. I.D. No. 85745
        **GOODRICH & GEIST, P.C.**
        3634 California Ave.
        Pittsburgh, PA 15212
        Tel: (412) 766-1455
        Fax: (412)766-0300
        josh@goodrichandgeist.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**